PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
DENNIS M. GONZALES, State Bar No. 59414
dgonzales@lbaclaw.com
NATHAN A. OYSTER, State Bar No. 225307
noyster@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
COUNTY OF LOS ANGELES, CAPTAIN BERNICE ABRAM,
LT. DOUG FETTEROLL, STEVEN SATHER, SGT. TONYA EDWARDS,
MICHAEL GOMEZ, MARK WEDEL, SHAWN YOUNG, BOB FULLOP,
MIKE KENNARD, LETICIA RODRIGUEZ, and CAPTAIN PAUL
PIETRANTONI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

EZEQUIEL JACOBO, SR., and
PETRA JACOBO,

        Plaintiffs,

vs.

LOS ANGELES COUNTY,
BERNICE ABRAM, DOUG
FETTEROLL, STEVEN SATHER,
TONYA EDWARDS, MICHAEL
GOMEZ, MARK WEDEL, SHAWN
YOUNG, BOB FULLOP, MIKE
KENNARD, LETICIA RODRIGUEZ,
PAUL PIETRANTONI, and DOES 2
to 10,

        Defendants.

Case No. CV 11-7212 GW (SSx)

Honorable Suzanne H. Segal

[~~PROPOSED~~] PROTECTIVE
ORDER GOVERNING
CONFIDENTIAL MATERIALS

*[Stipulation for Protective Order filed
concurrently herewith]*

Having reviewed and considered the Parties' Stipulation for Protective Order, good cause showing therein, IT IS SO ORDERED:

    1.    <u>Good Cause Statement and Confidential Materials.</u>
Defendants and Plaintiffs have agreed that the below-listed documents shall be

1

1   designated confidential documents and/or writings because Defendants believe, in

2   good faith, that these documents and/or writings are protected by the Official

3   Information Privilege or are otherwise privileged and confidential. This will be

4   accomplished by affixing to such document or writing a legend, such as

5   "Confidential", "Confidential Documents," "Confidential Material Subject to

6   Protective Order" or words of similar effect.  Documents and writings so

7   designated, hereinafter, collectively, "Confidential Information"), shall be treated

8   in accordance with the terms of this stipulation/protective order.  Documents,

9   writings and things to be designated as such, include the following:

10          All documents to be produced in response the the Court's August 7, 2012

11  Order on Plaintiffs' Motion to Compel, which includes personnel records of law

12  enforcement officers, as set forth in the Court's Order.  In addition, complaints

13  against Defendants Bernice Abram, Steven Sather, Tonya Edwards, Michael

14  Gomez, and Mark Wedel for the time period of August 2005 to August 2010

15  pertaining to false or misleading information in the preparation and/or filing of

16  reports.  This latter category was agreed upon by the parties but inadvertently not

17  put on the record at the hearing.   Defendants have also agreed to produce a copy

18  of the L-TAC containing transmissions captured on this radio frequency related to

19  the warrant operation that is the subject of this complaint.

20          2.     Confidential Information.  This protective order shall apply to all

21  Confidential Information, produced by Defendants to the Plaintiffs, the Receiving

22  Party.  The Confidential Information may be contained in originals and copies of

23  relevant interrogatory responses obtained from Defendants in this matter; originals

24  and copies of relevant documents responsive to the Plaintiffs' requests for

25  production of documents obtained from Defendants in this matter; and originals and

26  copies of transcripts, video recordings, and audio recordings of any deposition taken

27  in this matter during which the Confidential Information is used, mentioned,

28  reviewed, discussed, or referred to.  The Confidential Information shall be subject to

1  this Protective Order as follows:

2      3.    Storage Of Confidential Information.   Immediately upon production

3  by the Disclosing Party, attorneys for the Receiving Parties shall personally

4  secure and maintain the Confidential Information in their possession.  The

5  Confidential Information shall not, under any circumstances, be left in an open or

6  unsecured location where unauthorized persons (such as unauthorized employees of

7  counsel, cleaning personnel, etc.) might have access to them.

8      4.    Confidential Information Legend.  All documents containing

9  Confidential Information shall be stamped "CONFIDENTIAL" or

10 "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

11     5.    Limitation Of Use Of Confidential Information.  Attorneys for the

12 Receiving Parties shall not cause or knowingly permit disclosure of the contents

13 of the Confidential Information, in any manner, including orally, beyond the

14 disclosure permitted under the terms and conditions of this Order.  Any such

15 disclosure shall be construed as a violation of this Order, except when used for

16 purposes of this litigation as described in Paragraph Nos. 8 and 9 of this Order.

17     6.    Testimony Regarding The Confidential Information.  In the case of

18 depositions, any party may designate all or any portion of the deposition

19 testimony given in this litigation as Confidential Information orally during the

20 deposition.  Any questions intended to elicit testimony regarding the contents of

21 the Confidential Information shall be conducted only in the presence of persons

22 authorized to review the Confidential Information as provided in this Order.  Any

23 deposition transcript containing such questions and testimony shall be subject to

24 the same protections and precautions applicable to the Confidential Information.

25     7.    Inadvertent Disclosure.  If the Disclosing Party inadvertently

26 produces any Confidential Information without designating it as such, it may be

27 remedied by (1) promptly notifying the other parties of the error; and (2)

28 providing a substitute copy of the Confidential Information with a proper legend.

1    In that event, the parties receiving the inadvertently produced undesignated

2    Confidential Information will: (1) return the previously produced Confidential

3    Information and destroy all copies thereof; and (2) if the party had already

4    disseminated the Confidential Information to any person, the party will notify all

5    such persons in writing of the need to return such Confidential Information and

6    not to further disseminate it.

7        8.    Limitations On The Non-Litigation Use Of Confidential

8    Information.  The secrecy and confidentiality of the Confidential Information

9    exchanged during discovery in this action shall be maintained, and all

10   Confidential Information exchanged will be used solely for the litigation of this

11   action entitled.  Specifically, the Receiving Parties may not use such documents,

12   records, or other information (or the contents thereof) for any other purpose,

13   including use as background material, or for inclusion in books, magazines,

14   newspapers, or other publications.  The Receiving Parties are prohibited from

15   placing any of the Confidential Information on the internet.

16       9.    Court Filings.  If necessary in the judgment of attorneys for

17   Receiving Parties, said attorneys may show or reveal the contents of the

18   Confidential Information to the court only pursuant to Local Rule 79-5.1.

19       10.   Other Persons Authorized To Review Confidential Information.  The

20   Parties' attorneys of record may be permitted to see originals and obtain copies of

21   the Confidential Information covered by this Order.  Also, Defendants, including

22   officers, directors, employees, and experts thereof may be permitted to review the

23   Confidential Information.  Additionally, paralegals, secretaries, expert witnesses,

24   and other individuals and entities that may be employed or retained by the

25   Receiving Parties to assist in the preparation and/or the litigation of this action

26   may be permitted to see originals and obtain copies of the Confidential

27   Information covered by this Order, provided such experts and employees have

28   first executed the written statement set forth in Paragraph No. 11 below, and

4

1    comply with the provisions of that section.  Plaintiff shall be authorized to review

2    Confidential Information, subject to the limitations set forth in Paragraph No. 12.

3          11.    Applicability Of Order To Other Persons.  Prior to the disclosure of

4    any Confidential Information to any person described above, attorneys for the

5    Receiving Parties who seek to use or disclose such Confidential Information shall

6    first provide any such person with a copy of this Order, and shall cause him or her

7    to execute the following acknowledgment:

8                "I, _____, do solemnly swear that I am

9                fully familiar with the terms of the Stipulated Protective Order

10               entered in this action and hereby agree to comply with and be bound

11               by the terms and conditions of the said Order with respect to the

12               handling, use and disclosure of each Confidential Document.  I

13               understand that I may be subject to penalties for contempt of Court if

14               I violate this Order and hereby consent to the jurisdiction of said

15               Court for purposes of enforcing this Order.

16               Dated:  _____  /s/_____"

17         This written requirement applies to, but is not limited to, paralegals,

18   secretaries, expert witnesses, and other individuals and entities that may be

19   employed or retained by the Receiving Parties' counsel to assist in the preparation

20   and/or the litigation of this action.  The Receiving Parties shall be responsible for

21   maintaining the signed original of each such written statement until the

22   conclusion of these proceedings, including any appeal.

23         12.    Plaintiffs' Possession of Materials.  Plaintiffs may not have

24   possession of any Confidential Information, or material derived therefrom, during

25   any period of incarceration in jail or prison.  Further, Plaintiffs' attorneys or

26   agents may not share any of the Defendants' personal identification information

27   with Plaintiffs.

28

13.   <u>No waiver of objections.</u>  Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents.  This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order.  Nor do Defendants waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g., Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this order.

14.   <u>Subpoena for Confidential Information.</u>  In the event that the Receiving Parties receive a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Parties must give prompt written notice to the Disclosing Party.  The Receiving Parties shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a Court Order requiring such production.

15.   <u>Return of Confidential Information.</u>  No more than thirty (30) calendar days after the conclusion (including all appeals) of this case the Receiving Parties and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 17 of this Order, to the Disclosing Party care of:

> Nathan A. Oyster, Esq.
> Lawrence Beach Allen & Choi, PC
> 100 West Broadway, Suite 1200
> Glendale, California 91210-1219;

1       Alternatively, the Receiving Parties and every other person and/or entity

2   who received originals or copies of the Confidential Information may destroy all

3   such material and material derived therefrom within thirty (30) calendar days after

4   the conclusion of this case.

5       This case has concluded when (i) a final judgment has been entered by the

6   Court or the case has otherwise been dismissed with prejudice; (ii) the time for

7   any objection to or request for reconsideration of such a judgment or dismissal

8   has expired; (iii) all available appeals have concluded or the time for such appeals

9   has expired; and (iv) any post appeal proceedings have themselves concluded.

10       16.   Survivability of Order.  This Stipulation and Order shall survive the

11   termination of this action, and the Court shall retain jurisdiction to enforce it.

12       IT IS SO ORDERED.

13

14   Dated:   8/20/12

15       Honorable Suzanne H. Segal

    United States Magistrate District Judge

7